UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>                Plaintiff,<br>    v.<br>KELLEY,<br>                Defendant. | Case No. 16-cr-00038-SI-1<br><br>**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**<br>Re: Dkt. No. 25 |

On May 29, 2020, the Court held a telephonic hearing on defendant Shaun Kelley's motion for compassionate release. Dkt. No. 40. Counsel for the government and for the defendant were present on the phone, as was defendant and his sister, Mary Jourdan. For the reasons set forth below, the Court GRANTS defendant's motion.

**BACKGROUND**

On, February 2, 2016, defendant was indicted on one count of violating 18 U.S.C. § 2423(c), for engaging in illicit sexual conduct in foreign places. Dkt. No. 1 at 3[1] (Indictment). The indictment alleged Mr. Kelley engaged in a commercial sex act with a minor, who was 14 years old at the time, in Thailand. *Id*. On May 16, 2016, Mr. Kelley entered into a plea agreement with the government pleading guilty to the indictment. Dkt. No. 9 (Plea Agreement). Pursuant to the plea agreement, Mr. Kelley agreed "that a reasonable and appropriate disposition of this case … will include a term of imprisonment of ten years [and] five years of supervised release…" *Id*. at 4. Mr. Kelley's presentence report calculated his Criminal History Computation as zero. Dkt. No. 16 at 16 (PSR).

---

[1] For ease of reference, all citations to page numbers refer to the ECF branded number in the upper right corner of documents.

On August 24, 2016, this Court sentenced Mr. Kelley to 120 months in custody with 5 years of supervised release upon the conclusion of his custodial sentence. Dkt. No. 19.

On May 18, 2020, Mr. Kelley filed the instant motion for compassionate release. Dkt. No. 25. He is currently 61 years old and being held at Terminal Island where approximately 70% of the inmates have tested positive for COVID-19, including Mr. Kelley. Dkt. No. 25 at 6; Dkt. No. 33 at 8 (Opposition). It is undisputed that Mr. Kelley suffers from prostate cancer that has metastasized and spread to his bones. Dkt. No. 25 at 6-8, 12; Dkt. No. 33 at 16 (Opposition). It is estimated that Mr. Kelley has approximately two years to live in light of his cancer diagnosis. Dkt. No. 25 at 7.

As of June 2020, Mr. Kelley has served 49 months in prison, nearly half of his sentence. Dkt. No. 25 at 16-17.

## LEGAL STANDARD

Defendant has filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original [*5] term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The parties agree that U.S.S.G. § 1B1.13 provides the relevant policy statement for reductions in the term of imprisonment under 18 U.S.C. § 3582(c). Dkt. No. 25 at 11; Dkt. No. 33 at 14; *United States v. Eberhart*, No. 13-cr-313-PJH, 2020 U.S. Dist. LEXIS 51909, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (following the guidance of the Sentencing Commission

while noting that the policy statement has not been amended since the passage of the First Step Act). In the application notes, the Sentencing Commission provides that "extraordinary and compelling reasons" exist under certain circumstances. Of relevance here are the following:

> **(A) Medical Condition of the Defendant**.--
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is--
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> . . .
>
> **(D) Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1. The Commission also requires the defendant not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id*. § 1B1.13(2). Section 3142(g), which governs release or detention of a defendant pending trial, lists the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past

conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

## DISCUSSION

Mr. Kelley argues compassionate release should be granted where (1) Mr. Kelley is 61 years old; (2) Mr. Kelley has terminal cancer; (3) his cancer is exacerbated by complications from COVID; (4) Terminal Island cannot provide him with the medical treatment and care he needs; and (5) Mr. Kelley is not a danger to the community.

While the government acknowledges Mr. Kelley's cancer is an extraordinary and compelling reason, it opposes his release, stating:

> Defendant has asserted that his prostate cancer is a terminal illness, and further, that he is more vulnerable to becoming seriously ill from the SARS-Cov-2 virus. ***The government agrees in part, insofar as the government agrees that Defendant's prostate cancer presents an extraordinary and compelling reason, as required under USSG § 1B1.13 cmt. n.1***. But … the Court should deny Defendant's request because the record precludes a finding that Defendant presents no danger to the community, and because re-balancing the Section 3553(a) factors indicates that Defendant should not be released.

Dkt. No. 33 at 16 (emphasis added).

The Court has considered the applicable sentencing factors from 18 U.S.C. § 3553(a) and finds that they are consistent with granting defendant's motion for compassionate release. The "need . . . to provide the defendant with needed . . . medical care . . . in the most effective manner" weighs in favor of early release. See 18 U.S.C. § 3553(a)(2)(D). Mr. Kelley's oncologist has stated Mr. Kelley should be seen monthly by an oncologist and that is not happening. Dkt. No. 25 at 8; Dkt. No. 38 at 9. Mr. Kelley waited nearly a year for his most recent appointment and his next appointment is currently months overdue. *Id*. The last time Mr. Kelley saw an oncology doctor was on March 11, 2020. Dkt. No. 38 at 9.

The government argues Mr. Kelley continues to pose a danger to the community. Dkt. No.

33 at 19-21. While Mr. Kelley's behavior in prison is not a guarantee of what his life outside of prison will be, it is a powerful indicator. Mr. Kelley's commitment to his support group for sex offenders (similar to AA or NA), pursuit of mental health treatment, and drug abuse education and programs will provide him with a strong foundation upon his release. Dkt. No. 25 at 15. Mr. Kelley has expressed contrition for his actions, plead guilty to the indictment, and had a Criminal History Computation of zero. Dkt. No. 16 at 13-14 and 16 (PSR discussing Mr. Kelley's acceptance of responsibility, expression of remorse, and Criminal History Computation). Combined with Mr. Kelley's age, medical health, and the support of his sister, the Court finds, that while Mr. Kelley must be supervised carefully and abide by his supervised release conditions to the letter, he is no longer a danger to the community.

As expressed during the telephonic hearing, however, the Court views a viable release plan critically paramount to Mr. Kelley's continued success and the safety of others. The Court reiterates its appreciation of Mr. Kelley's sister for her admirable support and care for Mr. Kelley.

## CONCLUSION

Having carefully considered the parties' papers, the Court hereby GRANTS the motion or compassionate release finding extraordinary and compelling reasons warrant it. Mr. Kelley will not have exhausted his administrative remedies until June 8, 2020. Therefore the Court stays the implementation of this order until that time. Mr. Kelley's sentence of imprisonment is modified to time served. The remaining portion of his original term of imprisonment shall be served as supervised release with such special conditions as will be incorporated in his release plan, when it is finalized by Mr. Kelley's probation officer and shall be followed by the term of supervised release imposed in the original sentence.

**IT IS SO ORDERED**.

Dated: June 2, 2020

_____
SUSAN ILLSTON
United States District Judge